# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7608 | **DATE** | 5/2/2011 |
| **CASE TITLE** | Jones vs. Rednour | | |

**DOCKET ENTRY TEXT**

Petitioner Tommy Jones filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Jones is presently incarcerated at Menard Correctional Center, where he is in the custody of respondent, David A. Rednour. Before the court is respondent's motion to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1). For the reasons that follow, the motion [#8] is granted and Jones's petition is dismissed with prejudice. Civil case terminated. See statement below.

■[ For further details see text below.]   Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

In 2004, following a jury trial, Jones was convicted of first degree murder and sentenced to 50 years of imprisonment. Jones appealed his conviction and sentence. The Illinois Appellate Court affirmed the judgment on August 10, 2006. Jones then filed a petition for leave to appeal, which the Illinois Supreme Court denied on November 29, 2006. He did not seek review in the United States Supreme Court.

Jones placed his petition for post-conviction relief in the institutional mail at Menard Correctional Center on July 5, 2007. The Circuit Court of Cook County dismissed Jones's petition on August 15, 2007. The Illinois Appellate Court affirmed the Circuit Court's judgment and the Illinois Supreme Court denied leave to appeal that decision on November 25, 2009. Jones placed his habeas corpus petition to this court in the institutional mail at Menard Correctional Center on October 29, 2010. This court received Jones's petition on November 29, 2010.

Discussion

Federal law imposes a one-year statute of limitations on habeas corpus petitions filed under 28 U.S.C. § 2254. Section 2244(d)(1) provides that the limitations period runs from the latest of four possible dates: (A) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date the impediment to filing an application created by state action in violation of federal law is removed, if the applicant was prevented from filing by such state action; (C) the date the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date the factual predicate of the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Because no showing or argument has been made that any of § 2244(d)(1)(B), (C), or (D) applies in

| STATEMENT |
|---|

this case, § 2244(d)(1)(A) is applicable here. The Illinois Supreme Court denied Jones's petition for leave to appeal on November 29, 2006. The time during which he could have petitioned the United States Supreme Court for a writ of certiorari expired on February 27, 2007. Therefore the Jones's judgment became final and the statute of limitations began to run on that date. *See Anderson* v. *Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) ("[T]he ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run.").

On July 5, 2007, 127 days later, Jones filed his post-conviction petition with the state trial court, thereby tolling the statute of limitations.[1] *See* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . ."). The trial court dismissed Jones's post-conviction petition and the limitations period remained tolled until November 25, 2009, when the Illinois Supreme Court denied Jones's petition for leave to appeal.

The limitations period was not tolled during the ninety-day period within which Jones could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court. *See Lawrence* v. *Florida*, 549 U.S. 327, 332-33, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007). Another 337 days then elapsed until Jones filed the instant habeas corpus petition on October 29, 2010.[2]

Adding the days of untolled time, the clock was running for a total of 464 days. Thus, Jones filed his federal habeas petition more than three months after the expiration of the limitations period, barring his claims.

Under certain circumstances, the § 2244(d) limitations period may be subject to equitable tolling. To be entitled to equitable tolling, a habeas petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way and prevented his timely filing. *Holland* v. *Florida*, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

Jones does not claim that the limitations period should be equitably tolled, and there is no indication that extraordinary circumstances prevented Jones from timely filing his petition. Consequently, Jones is not entitled to equitable tolling and his § 2254 petition is time-barred. *See, e.g., Pace* v. *DiGuglielmo*, 544 U.S. 408, 419, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (petitioner was not entitled to equitable tolling where he "sat on his rights" while delaying in state court and then for five months following conclusion of state court review).

For the foregoing reasons, respondent's motion to dismiss Jones's petition [#8] must be granted. Since reasonable jurists would not find this court's procedural ruling debatable, *Slac*k v. *McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), this court declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

---

1. The court did not receive Jones's post-conviction petition until August 10, 2007. Rule 3(d) of the rules governing § 2254 cases, however, provides for a "mailbox rule" in federal habeas cases: "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Because Jones placed his petition in the mail at Menard Correctional Center on July 5, 2007, his petition is considered to have been filed on that date.

2. Rule 3(d), as discussed above, requires the court to consider the petition to have been filed on October 29, 2010 even though it was not received until November 29, 2010.